IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. WOODEN | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA LIQUOR CONTROL | : | |
| BOARD, *et al*. | : | NO.   13-3498 |
| Defendants. | : | |

MEMORANDUM

**RESTREPO, J.**                                                                                           **MARCH 24, 2015**

Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, against defendants, the Pennsylvania Liquor Control Board ("the Board") and Joseph Brion, Jeffrey Lawrence, Frank Miller, and William J. Oleszek, alleging race discrimination and retaliation in violation of 42 U.S.C. § 1981.   Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF Document 19).   For the reasons that follow, defendants' motion is granted in part and denied in part, and plaintiff's Second Amended Complaint ("SAC") (Doc. 14) is dismissed without prejudice.

1. **STANDARD OF REVIEW**

Rule 12(b)(6) requires the plaintiff to plead "sufficient factual matter . . . to state a claim to relief that is plausible on its face."   *McTernan v. City of York, Pa.*, 577 F.3d 521, 530 (3d Cir. 2009) (citations and internal quotation marks omitted); see Fed. R. Civ. P. 12(b)(6).   A claim that is plausible has "more than a sheer possibility that a defendant has acted unlawfully."   *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).  On a motion to dismiss, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Sands v. McCormick*, 502 F.3d 263, 267-68 (3d Cir. 2007) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  However, "bald assertions or legal conclusions in a complaint" need not be accepted as true.  *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (citations and internal quotation marks omitted).  The plaintiff "must do more than allege the plaintiff's entitlement to relief, [but] 'show' such an entitlement with [his] facts," in order to survive a motion to dismiss.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  In his Second Amended Complaint ("SAC"), plaintiff alleges, pursuant to 42 U.S.C. § 1983, that defendants violated his rights under 42 U.S.C. § 1981 against racial discrimination and retaliation.

### 2.  WITHDRAWN CLAIMS

Defendants' motion to dismiss is denied as moot with regard to plaintiff's claims against Defendants Brion, Lawrence, Miller, and Oleszek ("Individual Defendants") in their official capacities and the Board, since plaintiff has withdrawn those claims.  *See* Tr. Oral Arg. 12/15/14 (hereinafter cited as "Oral Arg."), at 3:14-22.

### 3.  ISSUE PRECLUSION

Defendants move to dismiss plaintiff's SAC on the basis of issue preclusion.  "Issue preclusion, otherwise known as collateral estoppel, bars re-litigation of an issue identical to that in

a prior action." *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993). Under Pennsylvania law, issue preclusion "forecloses re-litigation in a later action [] of an issue of fact or law which was actually litigated and which was necessary to the original judgment." *Dici v. Pennsylvania*, 91 F.3d 542, 548 (3d Cir. 1996) (quoting *Hebden v. Workmen's Compensat. Appeal Bd.*, 632 A.2d 1302, 1304 (Pa. 1993)) (internal quotation marks and citation omitted).

Issue preclusion is appropriate when: (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action. *Id.* (quoting *Safeguard Mut. Ins. Co. v. Williams*, 345 A.2d 664, 668 (Pa. 1975)); *Kelley v. TYK Refractories Co.*, 860 F.2d 1188, 1194 (3d Cir. 1988) (quoting *Safeguard*). The party asserting issue preclusion bears the burden of proving its applicability to the case at hand. *Dici*, 91 F.3d at 548 (citing cases).

In this case, issue preclusion is not appropriate since the "issues presented at the [administrative] hearing were not identical to the issues of [plaintiff's race discrimination and retaliation] case." *See, e.g., id.* at 549; *see also Kelley*, 860 F.2d at 1194 ("We are not persuaded that the Pennsylvania Supreme Court would conclude that the issue of discharge before the Board is identical to the issue of discharge as presented in [the plaintiff's] § 1981 claim and, therefore, we reject [defendant's] assertion [of issue preclusion].").[1] Prior to coming before this Court, plaintiff challenged his removal before the Pennsylvania State Civil Service Commission ("Commission"). "The issue before the Commission [was] whether the appointing authority had just cause to remove [plaintiff]," *see* Commiss'n Adjudicat'n 11/1/12 (Doc. 17), at 1, 16, and the Commission

---

[1] Since the issues were not the same for purposes of issue preclusion, it is unnecessary to determine whether plaintiff enjoyed a full and fair opportunity to litigate the issues in the administrative proceeding. *See Dici*, 91 F.3d at 549 n.3.

3

concluded that there was just cause, *id.* at 18.   That adjudication was apparently not reviewed by any Pennsylvania court.   Defendants argue that the Commission's findings preclude plaintiff from claiming his termination was racially motivated in this action.

In *Odgers v. Pennsylvania Unemployment Compensation Board of Review*, 525 A.2d 359 (Pa. 1987), Pennsylvania's Supreme Court refused to grant preclusive effect to an earlier Commonwealth Court ruling, since the issue before the Commonwealth Court was not identical to the issue presented in the administrative proceeding.   *See Dici*, 91 F.3d at 550.   In particular, the Supreme Court found that the issues before the Court and the administrative tribunal "embody different policies and involve different rights."   *Id.* (quoting *Odgers*, 525 A.2d at 364); *see Kelley*, 860 F.2d at 1195 (observing that "§ 1981, a reconstruction era civil rights statute, embodies different rights and involves different public policies" than the administrative law applied at the administrative hearing).   Subsequent to *Odgers*, other Pennsylvania cases and federal cases applying Pennsylvania law have denied preclusive effect to both the facts and law of an earlier adjudication when the policies and procedures applicable to the first action were different from those of the later action.   *See Dici*, 91 F.3d at 550 (citing cases); *Kelley*, 860 F.2d at 1195.

Similarly, unlike the issues presented in this Court, the Commission was not called to consider and certainly did not address whether race discrimination or retaliation was a motivation for plaintiff's removal, since "race discrimination was not essential to" the Commission's adjudication.   *See id.* at 1196.   Thus, similarly to *Kelley*, the Commission's adjudication "is devoid of any discussion of race discrimination, the prohibition against which is the intent of § 1981."   *Id.*   Accordingly, issue preclusion does not apply in this action.

4.   INSUFFICIENCY OF PLAINTIFF'S PLEADING

In the SAC, plaintiff brings against the Individual Defendants in their individual capacities, pursuant to § 1983, claims of race discrimination and retaliation in violation of § 1981.[2]  *See* SAC ¶ 57.  Section 1981 – which declares that all persons "shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens" – prohibits race discrimination and retaliation.  *See CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 445 (2008).  "[T]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units."  *McGovern v. City of Phila.*, 554 F.3d 114, 121 (3d Cir. 2009).  "Stated differently, while § 1981 creates *rights*, § 1983 provides the *remedy* to enforce those rights against state actors."  *Id.* at 116 (emph. in orig.).  Therefore, claims of discrimination and retaliation based on § 1981 may properly be asserted against state officials acting in their individual capacities pursuant to § 1983.  *Daniels v. Sch. Dist. of Phila.*, 982 F. Supp. 2d 462, 478-79 (E.D. Pa. 2013).

A plaintiff may properly allege a *prima facie* case of race discrimination in violation of § 1981 by alleging: (1) he is a member of a protected class; (2) he satisfactorily performed the duties required by his position; (3) he suffered an adverse employment action; and (4) either similarly-situated non-members of the protected class were treated more favorably or the adverse job action occurred under circumstances that give rise to an inference of discrimination.  *See Langley v. Merck & Co., Inc.*, 186 Fed. Appx. 258, 259 (3d Cir. 2006) (citing cases); *Ladd v. Boeing Co.*, 463 F. Supp. 2d 516, 524 (E.D. Pa. 2006).  In the SAC, plaintiff fails to sufficiently allege the second and fourth elements.  The SAC does not sufficiently allege the second element

---

[2]  As explained *supra*, plaintiff has withdrawn his claims against the Individual Defendants in their official capacities and the Board.  *See* Oral Arg. at 3.

of the analysis because plaintiff has not alleged that he "satisfactorily performed" his job requirements.  *See, generally, id.*  Indeed, the SAC alleges that defendants indicated that plaintiff failed to meet quality control guidelines on several of plaintiff's assignments, engaged in continued insubordination, and provided unsatisfactory work performance.  *See, e.g.,* SAC ¶¶ 21-22, 25-26, 33-34, 42-43.  With regard to the fourth prong, plaintiff does not make any specific allegations in the SAC of circumstances giving rise to an inference of discriminatory action or that his non-African-American co-workers were treated more favorably than him.  Rather, if anything, allegations in the SAC that defendant Oleszek did not compare plaintiff's performance to other non-African-American employees arguably support the contrary to plaintiff's assertion of intentional discriminatory conduct by defendants.  *Id.* ¶ 22, 34, 43.  In any event, because plaintiff fails to assert facts to support his conclusory statements that defendants discriminated against him on the basis of race, *see, e.g., id.* ¶¶ 14, 15, 24, 28, 38, 47, 50, 53, plaintiff's discrimination claim cannot survive a motion to dismiss.

     To establish a claim of retaliation, plaintiff must allege that: (1) he engaged in protected activity; (2) his employer took an adverse employment action against him; and (3) there was a causal connection between his participation in the protected activity and the adverse employment action.  *Estate of Oliva ex rel. McHugh v. N.J.*, 604 F.3d 788, 798 (3d Cir. 2010) (citing *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006)); *Daniels*, 982 F. Supp. 2d at 482.  Protected activity requires a showing that plaintiff made "complaints to [the employer], whether oral or written, formal or informal."  *Id.*  The Third Circuit has also held that, in "a retaliation case a plaintiff must demonstrate that there had been an underlying § 1981 violation."  *Ellis v. Budget Maintenance, Inc.*, 25 F. Supp.3d 749, 753 (E.D. Pa. 2014) (citing *Estate of Oliva*, 604 F.3d at

798). Because the SAC does not include allegations that plaintiff made any complaints, or otherwise engaged in any protected activity, and further, since he fails to sufficiently allege an underlying § 1981 violation, plaintiff fails to sufficiently assert a claim of retaliation. Accordingly, plaintiff's SAC is dismissed, without prejudice.[3]

An appropriate Order follows.

---

[3] "[I]f a [claim] is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Wiest v. Lynch*, 2014 WL 1490250, *8 (E.D. Pa. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008)). Therefore, here, the Amended Complaint is dismissed, without prejudice to plaintiff's right to amend the SAC if he can do so within the confines of Fed. R. Civ. P. 11(b), within twenty (20) days. Otherwise, plaintiff's SAC is dismissed with prejudice.